IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,  )<br>  )<br>         Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Austin Wyatt Reed,  )<br>  )<br>         Defendant.  )<br>  ) | **ORDER DENYING DEFENDANT'S<br>MOTION FOR HABEAS RELIEF**<br><br>Case No. 1:21-cr-167 |
| Austin Wyatt Reed,  )<br>  )<br>         Petitioner,  )<br>  )<br>vs.  )<br>  )<br>United States of America,  )<br>  )<br>         Respondent.  )<br>  ) | Case No. 1:22-cv-182 |

Before the Court is the Defendant's Motion to Vacate under 28 U.S.C. § 2255 filed on October 24, 2022. See Doc. No. 56. The Government filed a response in opposition to the motion on January 24, 2023. See Doc. No. 83. No reply was filed. For the reasons outlined below, the motion is denied.

**I.   BACKGROUND**

The Defendant, Austin Wyatt Reed, was charged on September 1, 2021, by a three-count indictment alleging one count of distribution of images depicting the sexual exploitation of children in violation of Title 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count One), one count of possession of images depicting the sexual exploitation of children in violation of Title 18 U.S.C. §§

2252(a)(4)(B) and 2252(b)(2) (Count Two), and one count of possession of unregistered short barreled rifle in violation of Title 26 U.S.C. §§ 5861(d) and 5871 (Count Three).

A plea agreement was filed on April 28, 2022.  See Doc. No. 27.  Reed pled guilty to Count One of the indictment on May 4, 2022.  See Doc. No. 32.  On August 16, 2022, the Court sentenced Reed to 80- months of imprisonment and 5 years of supervised release.  See Doc. No. 47.  No appeal was taken.  Reed filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on October 24, 2022.  See Doc. No. 56.  Reed is serving his sentence at FCI Englewood in Littleton, Colorado.

## II.   STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'"  King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)).  This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors.  Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994).  A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  Davis, 417 U.S. at 343.

A prisoner is entitled to an evidentiary hearing on a Section 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255; Engelson v. United States, 86 F.3d 238, 240 (1995). A Section 2255 motion "may be dismissed without hearing if (1) movant's allegation, accepted as true, would not entitle the petitioner to relief, or (2) [the] allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact." See Winters v. United States, 716 F.3d 1098 (2013); see also, Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (a single, self-serving, self-contradicting statement is insufficient to render the motions, files and records of the case inconclusive); Smith v. United States, 618 F.2d 507, 510 (8th Cir. 1980) (mere statement of unsupported conclusions will not suffice to command a hearing).

### III.  LEGAL DISCUSSION

In his motion, Reed challenges the constitutionality of the 5-year term of supervised release imposed by the Court at the time of sentencing. Specifically, Reed, contends the imposition of a term of supervised release along with a term of imprisonment violates the Double Jeopardy Clause of the Fifth Amendment.

Reed signed a plea agreement which included a waiver of his appellate rights and his right to pursue post-conviction relief under Section 2255, for claims other than ineffective assistance of counsel. See Doc. No. 27, ¶ 23. Reed also reserved the right to appeal from a sentencing that was greater than the upper limit of the Court-determined Sentencing Guideline range. See id. A waiver of the right to seek collateral relief under Section 2255 is enforceable. Chesney v. United States, 367 F.3d 1055, 1059 (8th Cir. 2004); DeRoo v. United States, 233 F.3d 919, 923 (8th Cir. 2000). A

Section 2255 waiver is enforceable when the claim raised falls within the scope of the waiver, the plea agreement and waiver were knowingly and voluntarily entered into, and enforcement of the waiver would not result in a miscarriage of justice. United States v. Andix, 333 F.3d 886, 889-91 (8th Cir. 2003); Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011) ("Such waivers are enforceable if the defendant knowingly and voluntarily entered into the plea agreement and waiver, the claim raised by the defendant fall[s] within the waiver, and enforcement of the waiver would not result in a miscarriage of justice.").

The record gives the Court no reason to doubt that Reed's decision to enter into a plea agreement was knowing and voluntary. The plea agreement contained an advisement of rights and waivers. See Doc. No. 27, ¶¶ 8-10. In paragraph 28, Reed acknowledged he read and understood all of the provisions of the plea agreement. See Doc. No. 27, ¶ 28. The plea agreement provides that the Government will recommend a term of imprisonment at the low end of the Advisory Sentencing Guideline range, restitution, and a 5-year term of supervised release. See Doc. No. 27, ¶ 19. The record clearly demonstrates Reed knowingly and voluntarily entered into the plea agreement and waiver.

Pursuant to the plea agreement, Reed waived his right to collaterally attack his plea, conviction, and sentence. Reed does not claim he entered into the plea agreement unwillingly or without knowledge of the appeal waiver. Because Reed has failed to assert there was any defect in the waiver, the Court concludes, under the express language of the plea agreement, that Reed's double jeopardy claim is clearly barred by the appeal waiver provision. The claim raised by Reed falls squarely within the scope of the appeal waiver as he did not claim any ineffective assistance of counsel but rather is only attacking his sentence.

Even if the Court were to determine the waiver was invalid or unenforceable, Reed's double jeopardy argument is devoid of merit. The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The United States Supreme Court has interpreted this clause as prohibiting both multiple punishments as well as multiple prosecutions for the same crime. United States v. Dixon, 509 U.S. 688, 695-96 (1993). The Supreme Court has held that the Double Jeopardy Clause was "designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." Ohio v. Johnson, 467 U.S. 493, 499 (1984). And "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are multiple is essentially one of legislative intent." Id. (internal citation omitted). 18 U.S.C. § 3583(a) expressly provides that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment...." 18 U.S.C. § 3583(a). Section 3583(k) adds that "the authorized term of supervised release ... for any offense under section ... 2252A ... is any term of years not less than 5, or life." 18 U.S.C. § 3583(k). In enacting 18 U.S.C. § 3583, Congress has explicitly stated that imposing a term of supervised relief along with a term of imprisonment is one punishment. A "term of imprisonment together with the term of supervised release ... required by statute, form only one sentence, and do not constitute double jeopardy." Haney v. United States, No. 4:13CV02341, 2017 WL 878032, at *4 (E.D. Mo. Mar. 6, 2017). The Court concludes that because Congress' legislative intent is clear in that a term of imprisonment with a term of supervised release results in one sentence, Reed's claim that the imposition of a term of supervised release along with a term of imprisonment violates the

Fifth Amendment's Double Jeopardy Clause is devoid of any legal merit. Thus, Reed is not entitled to relief.

## IV.    CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law. For the reasons set forth above, Reed's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 56) is **DENIED**. The Court also issues the following **ORDER**:

1) The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). If the defendant desires further review of his motion, he may request the issuance of a certificate of appealability by a circuit judge with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2023.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court